# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Divison

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cr-000002-AWA-RJK |
| | ) | |
| CORDARIO MARCELL UZZLE, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S POSITION PAPER WITH RESPECT TO 18 U.S.C. 3553 SENTENCING FACTORS

COMES NOW the Defendant, Cordario Marcell Uzzle, by counsel, pursuant to Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* and the Court's Sentencing Procedures Order, and states his position with respect to sentencing factors as set forth in the Defendant's presentence report. After a review of the report, the Defendant offers the following position statement:

### I. Background

On February 19, 2016, Mr. Uzzle pled guilty to one count of sex trafficking of a child in violation of Title 18, United States Code, Section 1591(a). This count arose out of the conduct of a group of several individuals, including Mr. Uzzle, who participated in facilitating prostitution activities. The victim of the conduct which is the subject of the instant count was sixteen years old at the time of her prostitution. Upon inquiry by law enforcement, Mr. Uzzle immediately admitted his guilt and accepted responsibility for his actions. To that end, Mr. Uzzle cooperated fully with investigation by both federal law enforcement agents and municipal police who were attempting to locate, identify, and prosecute individuals of whom Mr. Uzzle had

knowledge.  Mr. Uzzle has been debriefed multiple times and was open and honest when responding to their questions.  Furthermore, Mr. Uzzle was interviewed about his co-defendants.  Due in no small part to Mr. Uzzle's assistance, four of his six co-defendants have pled guilty as of the date of this submission and Mr. Uzzle was the first defendant of the group who agreed to plead guilty.

The count to which Mr. Uzzle pled carries with it a minimum sentence of ten years.  Mr. Uzzle's current sentencing guidelines call for him to serve slightly more than the minimum, namely between one-hundred twenty-one months to one-hundred fifty-one months of incarceration.  Mr. Uzzle does not wish to diminish the egregious nature of the crime that he engaged in or the seriousness of the offense.  Rather, it is simply his request that he receive a sentence in the lower half of the guidelines.

## II.    Factors the Court is to consider under 18 U.S.C. §3553(a)

When imposing a sentence, the Court is instructed to consider the nature and circumstances of the offense and the history and characteristics of the Defendant, as well as the sentencing guidelines for the offense committed.  Furthermore, the punishment must be meted in an attempt to achieve the following goals:

(A)    reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

(B)    afford adequate deterrence to criminal conduct;

(C)    protect the public from further crimes for the Defendant; and

(D)    provide the Defendant with needed education or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

### III. 18 U.S.C. §3553 factors as applied in this case

    A. <u>Nature and circumstances of the offense</u>

On or about September 29, 2015, Mr. Uzzle's co-defendants, Darryl Threat, Tajaika Blackston, and Keith Threat, introduced Mr. Uzzle to the aforementioned sixteen year old girl, herein referred to as "Jane Doe." It was Mr. Uzzle's understanding that Jane Doe was a friend of Ms. Blackston and wished to engage in the prostitution business; it appears that Jane Doe was actually in a group or foster home at the time of this communication. Mr. Threat directed Jane Doe to observe another prostitute take three "appointments" that evening. Mr. Uzzle later assisted others in procuring rooms so that Jane Doe could perform commercial sex acts. Mr. Uzzle did not have affirmative knowledge that Jane Doe was 16 years old but accepts full responsibility for his reckless disregard of her age at the time of the offense and furthermore affirmatively acknowledges that he should have known.

    B. <u>History and Characteristics of Mr. Uzzle</u>

Mr. Uzzle is a 23 year old African American male who resided in Virginia Beach, Virginia, prior to his detention for the instant offense. As an adult, Mr. Uzzle has a close relationship with both of his parents who have been supportive of him during his incarceration. While both of his parents have felony criminal records, those incidents occurred many years ago and it hopeful that they can be a positive example for Mr. Uzzle. Sadly, Mr. Uzzle's mother suffers from some serious medical issues and would like to be close to where he will be incarcerated because traveling is difficult for her.

Mr. Uzzle has two young children with his fiancée. Mr. Uzzle has spent a significant amount of time with his children as he cared for them while his fiancée worked as an assistant manager of a storage company. He has an exceptionally close relationship with his children due

in part to the amount of time he parented them while their mother was working. It is clear that Mr. Uzzle will live with his fiancée and children when he is released from incarceration.

Mr. Uzzle does not suffer from any chronic physical ailments and there is no history of mental health treatment. However, Mr. Uzzle admitted that he might benefit from some counseling or coaching in regards to anger management. He also admitted that he smoked marijuana on a daily basis for an extended period of time although he was able to stop while completing probation for an earlier offense.

Mr. Uzzle was convicted in 2012 of receiving stolen property and served 55 days in jail. He was placed on supervised probation for a period of two years and he was successfully discharged from active probation.

  B. Seriousness of the Offense

There is no argument regarding the seriousness of this offense. It is so harmful to society that it requires a minimum sentence of ten years and is akin to a strict liability civil statute as it pertains to knowledge of the minor's age. An incarceration period of one hundred twenty-one to one hundred twenty-six months appropriately reflects the seriousness of this crime; assuming that Mr. Uzzle is thirty-two when he is released, he will have spent roughly one-third of his life incarcerated as a result of his role in this crime.

  C. Need to Deter Future Criminal Conduct

The statutory minimum sentence is one hundred twenty months. This lengthy incarceration will deter future criminal conduct by Mr. Uzzle as he knows that future criminal conduct will likely result in an even longer period of detention. Furthermore, Mr. Uzzle realizes that the more time he spends away from his children, the greater the odds that they will follow in his footsteps and be in front of a judge at some point in their life. Mr. Uzzle will not in the future

be willing to exchange years of his life for the opportunity to make a few hundred dollars. This is the first time that Mr. Uzzle will be sentenced to serve more than two months of active incarceration and the increased penalty will deter him from engaging in future criminal activity. Furthermore, given that at least four of the six defendants in this matter will be serving lengthy sentences, other potential criminal actors will be aware of the consequences which arise from this behavior and hopefully their actions will be deterred.

      D.      <u>Need to Protect the Public from Mr. Uzzle's Future Criminal Conduct</u>

Mr. Uzzle will be incarcerated for at least ten years, during which time it will be impossible for him to engage in any criminal conduct. He will not be eager to engage in additional criminal activity upon his release.

      E.      <u>Need to Provide Training, Medical Care, or Correctional Treatment to Defendant</u>

It can only benefit Mr. Uzzle and society to allow him to complete a comprehensive drug rehabilitation program for marijuana use. Furthermore, it would be productive for Mr. Uzzle to explore receiving treatment for anger management pursuant to his own observations. Finally, it appears that all of Mr. Uzzle's criminal activity has been motivated by financial gain. Mr. Uzzle would welcome the opportunity to receive vocational training and earn his GED so that he can engage in legitimate work when his sentence is completed. All of the aforementioned measures can be accomplished during his incarceration.

      F.      <u>Basis for the Sentencing Guidelines</u>

The mission of the sentencing guidelines is to accomplish the purposes of sentencing (i.e. just punishment, deterrence, incapacitation, and rehabilitation) while providing certainty and fairness. The guidelines also seek to prevent unwarranted sentence disparity among offenders with similar characteristics and strike a balance between judicial discretion and judicial restraint.

The Sentencing Commission developed these guidelines as a practical effort toward the achievement of a more honest, uniform, equitable, proportional, and effective sentencing system. *United States Sentencing Commission Guidelines Manual*.

It is unquestionable that actions involving sexual exploitation of minors generate an angry response from society at large as well as the courts. Part of the reason for the institution of the sentencing guidelines is to ensure that the sentences are appropriately but not overly punitive based upon the particulars of the offense. In this case, the minimum sentence is ten years and the guidelines call for a sentence between 121 months and 151 months. A significant rationale for the guidelines is to ensure that defendants are treated consistently and fairly when found guilty of an emotionally charged offense. Accordingly, a sentence within the guidelines will be consistent with others who have been found guilty of the same conduct and will also adequately punish Mr. Uzzle for his actions.

By way of comparison, other individuals who have been charged with the same or similar offenses in the Eastern District of Virginia have received sentences which are within Mr. Uzzle's guidelines, even though their guidelines were higher. For example, Antuane Keyone Armstong pled guilty to three counts of the Use of Interstate Commerce to Facilitate Criminal Activity which arose from his prostitution of a 16 year old girl in various hotels throughout Hampton Roads[1]. Similar to Mr. Uzzle's case, the 16 year old girl came from a foster or group home. Mr. Armstrong received a sentence of 125 months although his guidelines as calculated by the pre-sentence report were 210 to 262 months (USA v. Armstrong, Case No.: 2:14cr124). Stephanie Chapman was found guilty by a jury of Conspiracy to Commit Sex Trafficking of a Child, Sex Trafficking of a Child, and Interstate Transportation of a Minor for Purposes of Prostitution. Ms.

---

[1] While the charges which Mr. Uzzle and Mr. Armstrong pled to differed, the criminal conduct is essentially identical.

Chapman's sentencing guidelines range was between 235 to 239 months, yet the Court imposed a sentence of 132 months (USA v. Chapman 1:13-cr-00298).

Based upon the guidelines and review of other defendants who have been sentenced for similar offenses, a sentence at the lower end of Mr. Uzzle's guidelines is appropriate.

**IV.    Conclusion**

Mr. Uzzle respectfully requests that after taking into consideration the above as well as his cooperation with the government, this Honorable Court will determine this offense is punishable by a sentence of between one hundred twenty-one and one hundred twenty-six months of incarceration which meets the goals as set forth by the Sentencing Commission.

Respectfully Submitted,

_____/s/_____
Gregory William Klein, Esquire

Gregory William Klein, Esquire
Virginia State Bar No.: 73110
Taylor & Walker, P.C.
555 Main Street, Suite 1300
Norfolk, VA 23510
Voice: (757) 625-7300
Fax:    (757) 625-1504
gklein@taylorwalkerlaw.com
Counsel for Defendant Cordario Uzzle

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send electronic notification of such filing (NEF) to the following counsel of record:


V. Kathleen Dougherty
United States Attorney's Office
8000 World Trade Center
Norfolk, VA 23510
v.kathleen.dougherty@usdoj.gov

And I hereby certify that on the 27th day of May, 2016, I will send by email the document to the following non-filing user:

Karen R. Franklin
U.S. Probation Officer
600 Granby St., Ste. 200
Norfolk, VA 23510


_____/s/_____
Gregory William Klein, Esquire


Gregory William Klein, Esquire
Virginia State Bar No.: 73110
TAYLOR & WALKER, P.C.
555 Main Street, Suite 1300
Norfolk, VA 23510
Voice: (757) 625-7300
Fax:    (757) 625-1504
gklein@taylorwalkerlaw.com